IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrell F. Gaskins ) | Civil Action No.: 4:13-cv-2730-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Florence County Sheriff's Office and ) | |
| Florence County, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Plaintiff Derrell F. Gaskins ("Plaintiff"), represented by counsel, filed this action alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and malicious prosecution. *See* Compl., ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 11. In the Report and Recommendation, the Magistrate Judge recommends that the Court dismiss the action *with prejudice* for failure to prosecute. *See id.* at 1–2.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a

---

[1] As the Magistrate Judge detailed in her R & R, Defendant was warned via Order dated February 19, 2014, after the initial time for service had expired, that proof of service must be provided no later than March 5, 2014 if Plaintiff wished to continue to prosecute this action. *See* Text Order, ECF No. 5. Having received no proof of service, on March 6, 2014, the Court again advised Plaintiff that if he wished to prosecute the action, proof of service on Defendants must be provided no later than March 19, 2014 or else the Magistrate Judge would recommend the action be dismissed with prejudice for failure to prosecute. *See* Order, ECF No. 8. On March 24, 2014, the Magistrate Judge issued her R & R recommending dismissal with prejudice for failure to prosecute. *See* R & R, ECF No. 11. As of the date of this Order, the Court has yet to receive proof of service, or any other filing for that matter, from Plaintiff.

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Plaintiff's complaint is **DISMISSED** *with prejudice* for failure to prosecute and comply with court orders pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell  
                                                  R. Bryan Harwell  
                                                  United States District Judge

Florence, South Carolina  
April 21, 2014